UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMORRIS PERRY

   Plaintiff,

vs.                                  CIVIL ACTION NO.:

STUCKEY CONSTRUCTION, INC.
AND EARL STUCKEY

   Defendants

---

**COLLECTIVE ACTION COMPLAINT**

**INTRODUCTION**

Plaintiff Jamorris Perry asserts claims for unpaid overtime wages on behalf of himself and all others similarly situated pursuant to the collective action provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), against Defendants Stuckey Construction, Inc. and Earl Stuckey, individually, (collectively "Defendants") due to Defendants' actions of: (1) failing to pay them overtime for all hours worked in excess of 40 per week; (2) automatically deducting a meal break from each shift they worked, despite the fact that they were not completely relieved of duties during this supposed "break"; and (3) deducting a cost from their pay for cleaning their uniforms,

despite the fact that Plaintiff and the putative FLSA Collective Class Plaintiffs washed their own uniforms. In so doing, Defendants acted in a coordinated and calculated scheme and, with a common practice and purpose, deliberately and willfully violated Plaintiff's and the putative FLSA Collective Classes' rights under the FLSA. Plaintiff also asserts an individual claim for retaliatory termination due to his efforts to exercise his rights under the FLSA.

1. Plaintiff Perry defines the class as follows (although he acknowledges that the proposed collective action class may ultimately need to be split into sub-classes):

> All persons employed by Defendants since August 2018 who were deprived of overtime pay for all hours worked in excess of 40 per week due to one or more of the following payroll policies of Defendants: (1) failing to pay them for travel time to and from work sites, resulting in a failure to pay them overtime for all hours worked in excess of 40 per week; (2) automatically deducting a lunch break from their shifts, despite the fact that they were required to work during said break; and/or (3) deducting funds from their pay during weeks when they worked overtime for cleaning of their uniforms, despite the fact that they cleaned their own uniforms, all of which are in violation of the FLSA.

## JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this

action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Northern District of Florida is where "a substantial part of the events or omissions giving rise to the claim occurred . . . ."

## PARTIES

4. Plaintiff Perry at all times pertinent hereto was a resident of the State of Georgia and worked for Defendants performing construction services as a Curve Machine Driver in and around the cities of Panama City and Destin in the State of Florida since March 2019. He worked for Defendant in this manner until June 2021, when he was terminated for exercising his rights under the FLSA.

5. Named Defendants herein are:

    a. Stuckey Construction, Inc., a Georgia corporation authorized to do and doing business in the State of Florida and in the Northern District of Florida during the time periods complained of herein.

    b. Earl Stuckey, a resident of Georgia and the owner of Stuckey Construction, Inc. Earl Stuckey was directly involved in the policies complained of herein and was responsible for terminating Plaintiff

in retaliation for his efforts to enforce his rights under the FLSA. Earl Stuckey is alleged to be liable as Plaintiff's and the putative class plaintiffs' joint employer under the FLSA.

**PLAINTIFF AND THE FLSA PLAINTIFFS ARE COVERED BY THE FAIR LABOR STANDARDS ACT**

6. All previous paragraphs are incorporated as though fully set forth herein.

7. Defendants are in the business of providing concrete construction services. Defendants do significant business in the State of Florida.

8. Plaintiff and the putative FLSA Collective Action Plaintiffs were hired by Defendants to perform construction services for them in Florida, primarily in the Panama City and Destin areas.

9. At all times material hereto, Plaintiff and the members of the FLSA Collective Action Class were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff and the members of the FLSA Collective Action Class were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

11. Specifically, Plaintiff and the FLSA Collective Action Plaintiffs utilized materials and equipment that originated outside the State of Florida to

perform their jobs, crossed state lines to reach jobsites, and utilized interstate wires to communicate and make financial transactions as a routine part of their jobs while employed by Defendants.

12. At all times material hereto, Plaintiff and the members of the FLSA Collective Action Class were the "employees" of Defendant within the meaning of FLSA.

13. Specifically, Defendants were responsible for hiring, firing, supervising, issuing payment to Plaintiff and the putative Collective Action Plaintiffs and implementing the employment and payroll policies complained of herein and Plaintiffs were economically dependent upon Defendants.

14. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

15. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material hereto, the work performed by the Plaintiff and the members of the FLSA Collective Action Class was directly essential to the business performed by Defendants.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings the claims for overtime wages asserted herein as a collective action pursuant to the FLSA, 29 U.S.C. §216(b).

18. Plaintiff's claims for violations of the FLSA's minimum wages may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, for the unpaid overtime claims asserted by Plaintiff is similar to the claims for unpaid overtime wages of the members of the Plaintiff's respective proposed Collective Action Class.

19. Members of the proposed Collective Action Class are similarly situated, as they have substantially similar job requirements and provisions and are subject to one or more common practices, policies or plans that require them to perform work without overtime wage compensation.

20. Plaintiff is representative of the other current and former employees that comprise the proposed Collective Action Class and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

21. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Collective Action Class. Plaintiff has retained counsel competent and experienced in complex employment class action and collective action litigation.

22. These similarly situated employees are known to Defendants and are readily identifiable through Defendant's records.

23. These similarly situated employees may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose

of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## FACTUAL BACKGROUND

24. Defendants retained persons to perform construction services for them in the State of Florida.

25. Often these jobs required Defendants' employees to travel for several hours to the job site.

26. In such an instance, the employees would gather at Defendants' offices and leave their personal vehicles in the lot to travel together in Defendants' vehicles.

27. However, Defendants only paid the driver for this time; they did not pay the employees for their travel time.

28. Defendants also automatically deducted a 30-minute lunch break from every shift Plaintiff and the putative FLSA Class members worked, despite the fact that they were required to work during said break.

29. Finally, Defendants deducted funds from Plaintiff and the putative FLSA Class members' pay for cleaning their uniforms, despite the fact that they cleaned their own uniforms.

30. Plaintiff and the putative class members often worked in excess of 40 hours per week for Defendants; Plaintiff generally worked between 48-50 hours per week.

31. Accordingly, each of the payroll policies described above deprived Plaintiff and the putative FLSA Class members of federally mandated overtime pay during weeks when they worked in excess of 40 hours per week.

32. When Plaintiff tried to exercise his rights under the FLSA by protesting Defendants' improper payroll practices, he was summarily terminated.

**COUNT I: COLLECTIVE ACTION CLAIM FOR VIOLATION OF FEDERAL OVERTIME WAGE REQUIREMENTS**

33. All previous paragraphs are incorporated as though fully set forth herein.

34. Defendants are employers covered by the overtime wage mandates of the FLSA, and Plaintiff and the proposed class were entitled to be paid overtime under the FLSA.

35. Defendants violated the FLSA by failing to pay Plaintiff and the proposed class the legally mandated overtime rate of pay for every hour that they worked in excess of 40 per week.

36. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and

516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the proposed class as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

37. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

38. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the proposed class at the federally mandated overtime rate of pay for all hours worked when they knew, or should have known, such was and is due.

39. Defendants have failed to properly disclose or apprise Plaintiff and the proposed class of their rights under the FLSA.

40. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the proposed class suffered lost overtime wages plus liquidated damages.

41. Plaintiff and the proposed class are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II: CLAIM FOR RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

42. All previous paragraphs are incorporated as though fully set forth herein.

43. Plaintiff requested proper payment from Defendants for all hours that he worked and protested Defendants' unlawful payroll practices.

44. Rather than properly pay Plaintiff pursuant to its obligation under the law, Defendant Earl Stuckey instead terminated Plaintiff, directly in response to his demand that Defendants comply with the FLSA.

45. Defendants' intentional and blatant retaliation against Plaintiff is in direct violation of the FLSA, which expressly prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter..."

## CONSENT

46. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## ATTORNEY'S FEES

47. Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to the FLSA. 29 U.S.C. § 201-209.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jamorris Perry prays that Defendants be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiff and the

proposed FLSA Collective Action Class and against Defendants for all damages reasonable in the premises, and demands a judgment containing the following:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

   b. Enjoining Defendants from engaging in future minimum wage pay or other FLSA violations;

   c. Awarding Plaintiff and the proposed FLSA Collective Action Class overtime compensation for the hours worked for Defendants in excess of 40 per week;

   d. Awarding Plaintiff and the proposed FLSA Collective Action Class liquidated damages in an amount equal to the overtime wage compensation award;

   e. Awarding Plaintiff and the proposed FLSA Collective Class reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   f. Awarding Plaintiff compensation due to Defendants' unlawful and retaliatory termination of him;

g. Awarding Plaintiff and the proposed FLSA Collective Action Class pre-judgment interest and all other interest to which they are entitled;

h. Awarding Plaintiff and the proposed FLSA Collective Action Class all other relief to which they are entitled.

Dated: August 12, 2021

Respectfully submitted,

/s/ *Mary Bubbett Jackson*

Mary Bubbett Jackson, (FL Bar No. 100852)
**JACKSON+JACKSON**
1992 Lewis Turner Blvd, Suite 1023
Fort Walton Beach, Florida 32547
T: (850) 200-4594
F: (888) 988-6499
E: mjackson@jackson-law.net
Attorney for Plaintiff